UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC EDMISTON, individually, and as guardian of A.E., a minor | No. 3:18-cv-05009 |
| Plaintiffs, | **COMPLAINT** |
| v. | **JURY DEMAND** |
| CITY OF PORT ANGELES, a political subdivision of the State of Washington; ALLEN BRUSSEAU and JOHN DOES 1-5; | |
| Defendants. | |

COME NOW the above-named Plaintiffs, by and through their attorneys of record John. R. Connelly, Jr. and Marta L. O'Brien of Connelly Law Offices, PLLC, and by way of claim allege upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

## I.   PARTIES

1.      Plaintiff ERIC EDMISTON ("Eric Edmiston") is a resident of Port Angeles, Clallam County, Washington.  Mr. Edmiston was seriously injured on or about February 27, 2016, when he was attacked by a Port Angeles Police Department ("PAPD") K-9 which had been permitted to run through a residential neighborhood despite the fact that he was known to

COMPLAINT - 1 of 12

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

officers with the PAPD to be aggressive and had attacked civilians. The uncontrolled K-9 unit pushed open a door on Eric's deck, entered his home and viciously mauled Eric, causing severe and permanent injury to his right leg. The aggressive K-9 then refused to release Eric even after Officer Brusseau gave him repeated "release" commands and pulling on the K-9's leash.

2. Plaintiff A.E. ("A.E.") is the minor son of Eric Edmiston. On or about February 27, 2016, Plaintiff A.E. witnessed the attack and watched in horror as the uncontrolled Police K-9 mauled his father.

3. Defendant CITY OF PORT ANGELES is a political subdivision of the State of Washington. Among other things, the City of Port Angeles provides law enforcement services through its police department ("PAPD"). PAPD's mission is supposed to include creating a safe and secure environment in which to live, work and visit, enforcing the law in a fair and impartial manner, protecting citizens and safeguarding its citizens' Constitutional guarantees.

4. Defendant Officer ALLEN BRUSSEAU ("Officer Brusseau") is a City of Port Angeles police officer and K-9 officer who, at all times relevant hereto, was acting within the scope of his employment and under color of state law. PAPD employed and trained Officer Brusseau, a commissioned officer, and Brusseau, in turn, was supposed to have properly trained K-9 Bogey. Officer Brusseau, failed to follow police training, acted in an unreasonable and substandard manner and failed to properly train K-9 Bogey. The misconduct, negligence and failure to follow police standards were done by him individually and on behalf the City of Port Angeles and PAPD.

5. Defendants JOHN DOES 1-5 are City of Port Angeles police officers, supervisors, and/or K-9 officers who, at all times relevant hereto, were acting within the scope of

COMPLAINT - 2 of 12

their employment and under color of state law in an unreasonable, substandard, negligent, indifferent and wanton manner which resulted in the deprivation of Plaintiffs' constitutional rights.

6.     The City of Port Angeles and PAPD owned, trained, maintained, utilized and commissioned a German Shepherd K-9 officer known as "Bogey" at all times relevant hereto and are responsible for the actions of K-9 Bogey as well as their own failure to follow proper police standards, their failure to train and their unreasonable, negligent, substandard and reckless conduct.

7.     At all times herein, the above-named defendants acted with the course and scope of their employment.

8.     At all times herein, the defendants acted under color of state law.

## II.     JURISDICTION AND VENUE

9.     This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution. The court has jurisdiction over this action under 28 U.S.C. § 1331 and 1343.

10.     The claims alleged herein arose in the City of Port Angeles, County of Clallam, Washington. Therefore, venue in the Western District of Washington at Tacoma is proper pursuant to 28 U.S.C. § 1391(b)(2).

## III.     STATUTORY COMPLIANCE

11.     On or about May 4, 2017, an administrative claim for damages was served upon the City of Port Angeles.

12.     All prerequisites to the maintenance of this action imposed by Chapter 4.96 RCW have accordingly been satisfied.

COMPLAINT - 3 of 12

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

## IV.   BACKGROUND FACTS

13.     This case arises from the negligent and unprovoked attack by K-9 Bogey, a large, aggressive, German Shepherd K-9 owned and trained by the Port Angeles Police Department (PAPD) who was released by Officer Allen Brusseau and allowed to run in an uncontrolled manner through a residential neighborhood.  During this uncontrolled run, the K-9 forced his way into the home of Plaintiffs, attacking, biting, holding and mauling Plaintiff Eric Edmiston in the presence of his twelve-year old son, A.E.

14.     On February 27, 2016 at approximately 1:46 p.m. officers of PAPD were dispatched to respond to a possible sighting of a stolen vehicle in the 1800 block of E 5th Street in Port Angeles. Officer Bruce Fernie advised via radio that he believed the suspect may have exited the vehicle and ran northbound through residential properties because he saw a pair of shoes and assumed the suspect had lost his shoes when fleeing.

15.     After the initial call, PAPD received notice the suspect may have been running northbound from 1820 E. 3rd Street.

16.     At 2:03 p.m., PAPD dispatch called for a K-9 unit to respond to the incident to track the suspect.

17.      Officer Brusseau responded to the dispatch and set out towards the location of the stolen vehicle with a large German Shepherd dog named, K-9 Bogey.

18.     K-9 Bogey was known to be dangerous, poorly trained, and difficult to control. He had a history of aggression and attacking citizens without his handler issuing a command to do so. On February 5, 2015, K-9 Bogey had mauled Wade Dickerson, a passenger exiting a vehicle, without any command from his handler to do so, causing serious and permanent injuries to Mr. Dickerson's left hip and genitals.  Notwithstanding this unprovoked attack,

COMPLAINT - 4 of 12

CONNELLY LAW OFFICES, PLLC

2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Defendants did not provide additional adequate training, or remove the animal from duty with the PAPD. Instead, on the day of the attack, he was permitted to run through residential neighborhoods in an exceptionally aggressive and uncontrolled manner.

19.    Officer Brusseau arrived at the scene of the possible stolen vehicle in the 1800 block of E 5th Street with K-9 Bogey.  Notwithstanding his knowledge that K-9 Bogey was overly aggressive and was known to ignore training commands, Officer Brusseau released the dog and allowed it to run free through a known residential neighborhood.

20.    At approximately 3:00 p.m. Plaintiff Eric Edmiston was at his home, located at 1714 E. 3rd Street with his son, Plaintiff A.E., watching television. Plaintiffs heard something on the small, front deck immediately adjacent to the living room.

21.    Mr. Edmiston and A.E. got up and went to the front door.

22.    A vicious dog now known to be K-9 Bogey appeared on the other side of the glass door, snarling and trailing a leash and charged in the door.

23.    Mr. Edmiston pushed A.E. aside for his safety as K-9 Bogey charged through the door snarling and growling, and then immediately and viciously attacked Mr. Edmiston.

24.    Mr. Edmiston fell to the living room floor and K-9 Bogey continued to attack, violently biting and tearing at Mr. Edmiston's leg.

25.    A.E. screamed repeatedly and backed away, while he watched his father try to get K-9 Bogey off of his leg and while his father's leg began to bleed copious amounts of blood as the dog's teeth ripped into his father's leg and muscles.

26.    Officer Allen Brusseau appeared at the door but was unable to command K-9 Bogey to release Mr. Edmiston or pull the dog off.  The dog ignored commands and continued to growl and savagely bite Mr. Edmiston's leg.

COMPLAINT - 5 of 12

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

27.    Fighting for his life, Mr. Edmiston managed to pry open the dog's jaws, sustaining additional injuries to his hand and fingers.

28.    Though Officer Brusseau observed K-9 Bogey biting viciously into Mr. Edmiston's leg, he did nothing to render any medical aid whatsoever to Mr. Edmiston.

29.    As a result of the attack, Mr. Edmiston's leg was ripped open.  He tried to slow the bleeding from the severe wound ripped open by using a sock and cat leash to make a make-shift tourniquet.

## V.    FIRST CAUSE OF ACTION – FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

30.    Plaintiffs reallege and hereby incorporate each and every allegation set forth above.

31.    At all times material, defendants were acting under color of state law.

32.    At all times material, Plaintiffs had constitutionally protected liberty interests in life, property, personal security, bodily integrity, being free from harmful physical contact and/or emotional injures and constitutionally protected rights to equal protection, as well as procedural and substantive due process of law.

33.    Defendants the City of Port Angeles, acting by and through its officers, Officer Brusseau and John Does 1-5, acting in their official capacities as a matter of policy, custom or practice (a) trained K-9 Bogey to find and bite and hold persons posing as suspects but failed to train the dog so that the dog properly followed commands; (b) failed to remove K-9 Bogey from duty despite the fact they knew the dog was known to be overly aggressive and was known to ignore commands and make unprovoked attacks on citizens, (c) failed to adequately

COMPLAINT - 6 of 12

train its officers in the limits the constitution places on the use of police dogs; (d) failed to adequately train and supervise its officers, including but not limited to, Defendants Officer Brusseau and John Does 1-5 with respect to such officers' constitutional deprivations; and (e) failed to address these failures despite being informed of such policy and customs resulting in innocent civilians being attacked and injured.

34. K-9 Bogey was released by Officer Brusseau into a residential neighborhood long after the targeted suspect fled northbound and trespassed onto the narrow, raised deck of Plaintiffs' home.

35. K-9 Bogey, unaccompanied by any PAPD officers and trailing his leash, forced his way into the home of Plaintiffs and aggressively and continuously bit, held and mauled Plaintiff Eric Edmiston in the presence of his twelve-year old son, A.E.

36. PAPD Officers Brusseau and Fernie appeared at Plaintiffs' deck after K-9 Bogey had already attacked, mauled and held Plaintiff Eric Edmiston.

37. PAPD Officer Brusseau gave the command for K-9 Bogey to release Plaintiff Edmiston, but K-9 Bogey refused to comply.

38. Because the dog refused to comply with commands, Plaintiff Eric Edmiston had to use his own hands to forcibly open K-9 Bogey's jaws.

39. The inadequate training and utilization of the bite and hold techniques in the training of K-9 units constitutes a policy and practice of PAPD that led to the deprivation of Plaintiffs' civil rights as related herein.

40. The actions of Defendants were unreasonable, wanton, reckless and/or made with the deliberate indifference and constituted use of excessive force in violation of the Fourth and Fourteenth Amendments of the United State Constitution and 42 U.S.C. § 1983.

COMPLAINT - 7 of 12

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

41.     At the time of the attack Defendants had no reasonable grounds to trespass onto Plaintiffs' property, enter Plaintiffs' home, search Plaintiffs' home, attack or detain Plaintiff or otherwise violate Plaintiffs' civil rights.

42.     Defendants, by releasing K-9 Bogey uncontrolled into a residential neighborhood, acted under color of law to unlawfully enter Plaintiffs' home, detain and seize Plaintiff Eric Edmiston without probable cause, reasonable suspicion, or other justification in violation of his right to freedom from unreasonable search and seizures guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and by 42 U.S.C. § 1983.

43.     Defendants acted under color of law to unlawfully enter Plaintiffs' home, detain and seize Plaintiff Eric Edmiston without probable cause, reasonable suspicion, or other justification in violation of his right to freedom from unreasonable search and seizures guaranteed Washington Constitution Article 1 §§ 3 and 7.

## VI.     SECOND CAUSE OF ACTION – FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS BRUSSEAU AND JOHN DOES 1-5

44.     Plaintiffs reallege and hereby incorporate each and every allegation set forth above.

45.     By virtue of the facts set forth above, Defendants are liable for compensatory and punitive damages for deprivation of civil rights of Plaintiffs' which rights include those guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from unreasonable searches and entry into their home.

46.     By virtue of the facts set forth above, Defendants are liable for compensatory

COMPLAINT - 8 of 12

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

and punitive damages for deprivation of civil rights of Plaintiff Eric Edmiston including those guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from unreasonable seizures of his person.

47.     By virtue of the facts set forth above, and under applicable law, Defendants are liable for compensatory and punitive damages for deprivation of civil rights of Plaintiffs' including those guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from unreasonable searches and entry into their house and property.

**VII.     THIRD CAUSE OF ACTION – VIOLATION OF RCW 16.08.040**

48.     Plaintiffs reallege and hereby incorporate each and every allegation set forth above.

49.     On February 27, 2016, Plaintiffs were at their home located at 1714 E. 3rd Street in Port Angeles, in a residential neighborhood west of where K-9 Bogey was released.

50.     At all times material, Defendant the City of Port Angeles, through PAPD, was the owner of K-9 Bogey.

51.     K-9 Bogey previously mauled a civilian without his handler giving the command to do so on February 2, 2015, causing serious and permanent injuries.

52.     On February 27, 2016, K-9 Bogey was released by Officer Brusseau into the residential neighborhood where Plaintiffs resided in Port Angeles after the targeted suspect fled northbound.

53.     K-9 Bogey, trailing his leash and out of the control of his handler Officer Brusseau, traveled westbound through the neighborhood and trespassed onto Plaintiffs' property by running onto Plaintiff's deck and forcibly entering their home.

COMPLAINT - 9 of 12

54.    K-9 Bogey then bit, held and mauled Plaintiff Eric Edmiston in the presence of his son, A.E.

55.    K-9 Bogey continued to exhibit that he was out of control by failing to comply with Officer Brusseau's commands to release Plaintiff Eric Edmiston.

56.    Defendants did not lawfully apply K-9 Bogey. Officer Brusseau had no probable cause, reasonable suspicion, or other justification for releasing K-9 Bogey and allowing him to force his way into Plaintiffs' home in violation of their rights under the Washington Constitution Article 1 §§ 3 and 7 and the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

57.    Defendants are strictly liable for such damages suffered by Plaintiffs.

## VIII.    FOURTH CAUSE OF ACTION: NEGLIGENCE

58.    Plaintiffs reallege and hereby incorporate each and every allegation set forth above.

59.    Defendants had a duty to protect public safety and the life and physical safety of innocent civilians.

60.    Defendants were obligated by ordinance, statute and common law principles to train its K-9 units such that the K-9 would respond to all authorized commands.

61.    Defendants were obligated by ordinance, statute and common law principles to train its K-9 units to track and apprehend individuals using scent discrimination in order to prevent mistaken identities and death or injury to innocent civilians.

62.    The actions of Defendants in failing to follow police protocols and releasing a dog known to attack civilians into a residential neighborhood, to run in an uncontrolled manner through civilians' properties, and enter their homes long after the targeted suspect had fled,

COMPLAINT - 10 of 12

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

violated the policies and procedures of the PAPD as related to the field force use of police dogs and constituted negligent, careless, reckless, wanton and unlawful conduct.

63.    Further, the actions of PAPD officers, including Officer Brusseau, in writing police reports with false information after this incident to minimize their culpability was below t5he standard of care, unreasonable, negligent and fraudulent and are actionable under all applicable laws relating to the preparation. And filing false police reports.

64.    Such negligence, carelessness, fraudulent and unlawful conduct on the part of Defendants caused serious injuries, emotional distress and mental anguish to Plaintiffs.

## IX.    DAMAGES

65.    Plaintiff realleges and hereby incorporates each and every allegation set forth above.

66.    As a direct and proximate result of the improper, unconstitutional and negligent actions of Defendants as alleged above, Plaintiffs suffered severe, permanent and disabling physical and emotional injuries and other general and special damages in an amount and to an extent which will be proven at the time of trial.

67.    As a direct and proximate result of Defendants' improper, unconstitutional and negligent actions, Plaintiffs suffered severe, permanent and disabling physical and emotional injuries, including but not limited to past and future medical expenses, past and future income loss, permanent disability, impaired earning capacity and general damages for pain and suffering, loss of enjoyment of life and other damages, all in amounts to be proven at trial.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants:

(a)    Compensatory damages, including damages for severe physical and emotional

COMPLAINT - 11 of 12

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

anguish and pain, suffering, terror, and loss of enjoyment of life in an amount to be proven at trial;

(b)     Punitive damages from the individual Defendants on Plaintiffs' claims under 42 U.S.C. 42 U.S.C. § 1983;

(c)     Plaintiffs' reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law;

(d)     Awarding any and all applicable interest on the judgment; and

(e)     Awarding such other and further relief as the Court deems just and equitable.

### XI.     DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury for all issues so triable.

DATED this __3rd__ day of January, 2018.

CONNELLY LAW OFFICES, PLLC

By: _/s/ John R. Connelly, Jr. _____
    John R. Connelly, Jr. WSBA No. 12183
    Marta L. O'Brien, WSBA No. 46416
    2301 North 30th Street
    Tacoma, WA 98403
    Email: jconnelly@connelly-law.com
    Email: morbrien@connelly-law.com
    Attorneys for Plaintiffs

COMPLAINT - 12 of 12